**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**PINE BLUFF DIVISION**

**CONNECTONE BANCORP, INC.**                                            **PLAINTIFFS**
**and CONNECTONE BANK**

**VS.**                    **CASE NO.: 5:19-cv-159-LPR**

**STAR CITY BANCSHARES, INC.**                                            **DEFENDANTS**
**and CONNECT BANK**

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO COMPEL DISCOVERY AND PROTECTIVE ORDER

Comes now before the Court, on the 25th day of June 2020, the Defendants' Motion to Compel Discovery, and from the filings herein and argument of Counsel the Court being well and sufficiently advised, finds as follows:

1. A portion of the information requested by Defendants in both written discovery and in its FRCP 30(b)(6) Notice of Deposition to Plaintiffs regarding Plaintiffs' Arkansas customers, is within the scope of discovery, pursuant to FRCP 26, with certain limitations and subject to the Protective Order contained herein.

2. Pursuant to this Protective Order, Plaintiffs shall produce to Defendants' Counsel a list of the names and addresses of its Arkansas account holders which shall include the 43 referenced in Plaintiffs' Amended Complaint and the 15 identified in Plaintiffs' Responses to Interrogatories and Requests for Production. The list of Plaintiffs' Arkansas customers and addresses shall be designated as "Attorney Eyes Only" under this Order and so marked by Plaintiffs.

3. Pursuant to this Order, Plaintiffs shall provide a separate list of aggregated and anonymous information regarding the types and numbers of accounts held by their Arkansas customers, identified in paragraph 2. The list of aggregated and anonymous account information shall be subject to Protective Order and shall not be released by Defendants or their counsel to any third parties not involved in this litigation.

4. That Plaintiffs shall produce the information ordered herein, no later than Thursday, July 9, 2020. During the two (2) weeks prior to production, nothing in this Order shall preclude Plaintiffs from disclosing to their customers that Plaintiffs have received a discovery request seeking their identity and addresses. If any customer objections are received and still pending on July 9, 2020, the production shall be delayed until the Court rules on such objections.

5. No one connected with Defendants in any way may contact the customers identified pursuant to the ruling in Paragraph 2 above in any manner without an Order from the Court.

6. Should Defendants' Counsel determine that there is a real and serious need for additional information regarding Plaintiffs' Arkansas customers, after receiving the information ordered herein, they may petition the Court further.

7. Plaintiffs have designated Siya Vansia, Vice-President and Chief Branding Officer, as their corporate representative to testify in response to Defendants' Rule 30(b)(6) Notice on the matter of Plaintiffs' Arkansas customers. The three topics listed in Defendants' 30(b)(6) Notice were:

    a) The accounts, of any type, maintained by Plaintiffs and owned by Arkansas residents;
    b) The identity and addresses of any Arkansas residents who own accounts maintained by Plaintiffs; and
    c) The method by which each account was established (in person, mail, internet, etc.) and/or the source of referral for the customer.

This Order also applies to these three topics in the 30(b)(6) notice. Regarding the third topic, any questions and answers should be tailored to or given in an anonymized fashion so as not to connect that information to the specific customer information being produced, absent further Order of the Court.

8. Plaintiffs' counsel have agreed to make Ms. Vansia available for deposition, at a mutually agreeable date and time, with said deposition taking place between the date of production of the requested information and July 31, 2020.

9. The designation of Information as ATTORNEYS' EYES ONLY shall be made by the Plaintiffs by placing or affixing a stamp or marking upon the document (in such a manner as will not interfere with the legibility thereof) an appropriate notice such as , "ATTORNEYS' EYES ONLY".

10. No person receiving ATTORNEYS' EYES ONLY INFORMATION shall disclose any such ATTORNEYS' EYES ONLY INFORMATION to anyone, other than the Court, except as may be specifically authorized by this Order. Further, all persons receiving access to Information designated as ATTORNEYS' EYES ONLY INFORMATION hereunder shall employ said Information only to the extent that such Information is necessary, in such person's reasonable judgment, for the prosecution or defense of this case and for no other purpose whatsoever.

11. Counsel for Defendants shall not disclose, make available or communicate ATTORNEYS' EYES ONLY INFORMATION to any other person except:

    a. Such counsel may disclose Information designated as ATTORNEYS' EYES ONLY hereunder to attorneys, paralegals, clerical, accounting and support staff

personnel directly and regularly employed by such counsel in connection with this lawsuit, to the extent that such disclosure is necessary, in such counsel's reasonable judgment, for the prosecution or defense of this case.

b. Counsel for Defendants may disclose Information which has been produced and designated ATTORNEYS' EYES ONLY to experts and consultants who are directly employed or retained in connection with this action by counsel for the parties provided, however, that the following procedures and restrictions shall apply:

   i. no person to whom Information designated as ATTORNEYS' EYES ONLY has been disclosed pursuant to this paragraph 11(b) shall use such Information except for the prosecution or defense of this action unless the information becomes public through some lawful manner;

   ii. counsel for Defendants or persons disclosing Information designated as ATTORNEYS' EYES ONLY to any person designated in this paragraph 12(b) shall, prior to disclosure, obtain a written agreement of any such person to whom disclosure is made to be bound by the terms of this Order in the following form: "I hereby acknowledge that information is to be made available to me which has been designated as proprietary or confidential, and that such information is provided to me solely for the purposes of assisting counsel of record or giving testimony in the case styled *ConnectOne Bancorp, Inc. and ConnectOne Bank v. Star City Bancshares, Inc. and Connect Bank*, Case No. 5:19-cv-159-LPR, pending in the United

    States District Circuit, Eastern District of Arkansas. I understand that I am prohibited by an Order of this Court from employing such information for any other purpose and from disseminating such information to any individual who is not equally bound with respect to the use thereof. I understand that any written confidential information which I receive or which is otherwise in my possession is to remain in my personal custody until such information is no longer needed for the prosecution or defense of such case, whereupon it is to be returned to counsel who provided me with said material or destroyed. If I choose to destroy, rather than to return such material, I shall serve upon the producing party and/or its counsel, an affidavit confirming the destruction of all such records within ten (10) business days of the destruction.";

iii. Information designated as ATTORNEYS' EYES ONLY hereunder may be revealed to experts and consultants pursuant to this paragraph 11(b) only to the extent that such Information is relevant to the subject matter of the opinion or advice sought from such expert or consultant;

iv. Each individual who receives any ATTORNEYS' EYES ONLY Discovery Material hereby agrees to subject himself/herself to the jurisdiction of this Court for the purpose of any proceeding related to the performance under, compliance with, or violation of this Stipulation and Protective Order.

      c.  ATTORNEYS' EYES ONLY INFORMATION may be disclosed to the Court and Court personnel, including court reporters at proceedings in this action.

12.    The Court's deadline for filing dispositive motions, D*aubert* motions, joint status report, and settlement conference request, is currently scheduled for July 6, 2020. By the agreement of Counsel and Court, said deadlines are extended through August 6, 2020.

IT IS SO ORDERED this 13th day of July 2020.

_____
LEE P. RUDOFSKY
UNITED STATES DISTRICT JUDGE

**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

**CONNECT ONE BANCORP, INC.**  **PLAINTIFFS**
**And CONNECTONE BANK,**

**v.**   **Case No. 5:19-cv-159-LPR**

**STAR CITY BANCSHARES, INC.**
**and CONNECT BANK**   **DEFENDANTS**

**AGREEMENT TO BE BOUND BY PROTECTIVE ORDER**

I, _____, hereby acknowledge that information is to be made available to me which has been designated as proprietary or confidential, and that such information is provided to me solely for the purposes of assisting counsel of record or giving testimony in the case styled *ConnectOne Bancorp, Inc. and ConnectOne Bank v. Star City Bancshares, Inc. and Connect Bank*, Case No. 5:19-cv-159-LPR, pending in the United States District Circuit, Eastern District of Arkansas.  I understand that I am prohibited by an Order of this Court from employing such information for any other purpose and from disseminating such information to any individual who is not equally bound with respect to the use thereof.  I understand that any written confidential information which I receive or which is otherwise in my possession is to remain in my personal custody until such information is no longer needed for the prosecution or defense of such case, whereupon it is to be returned to counsel who provided me with said material or destroyed.  If I choose to destroy, rather than to return such material, I shall serve upon the producing party and/or its counsel, an affidavit confirming the destruction of all such records within ten (10) business days of the destruction.

_____

_____
DATE

**EXHIBIT "A"**